IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONDRAEL WEBSTER, | ) | CRIMINAL ACTION NO. 21-00118-JB-MU |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Dondrael Webster's ("Webster") Motion to Suppress (Doc. 28) and the United States' response (Doc. 38).  An evidentiary hearing was held and the parties filed supplemental briefs.  (Docs. 107 and 109).  Based on the parties' filings, arguments, and evidence presented, the Court finds that Mr. Webster's Motion to Suppress is due to be **DENIED**.

## INTRODUCTION

Mr. Webster brings his suppression motion on the theories that the affidavit supporting the search warrant was defective, and for that reason, the proceeds of the search should be excluded from this case.  Mr. Webster also contends that he was improperly seized and detained, requiring the suppression of his later statements to law enforcement.

## FACTS

On April 24, 2019, law enforcement officers executed a search warrant at the residence of Dondrale Webster located at 2000 Keller Avenue in Selma, Alabama.  The search warrant was based upon a confidential informant's purchase of cocaine from Mr. Webster's residence within

the previous seventy-two (72) hours.  When agents arrived to execute the search warrant, Mr. Webster was outside of the residence, about 150 to 200 feet away.  Mr. Webster was detained.

Agent Stallings verbally advised Mr. Webster of his Miranda Rights, which was witnessed by ATF SA Dwight Brown, and Mr. Webster agreed to speak to the agents.  Mr. Webster seeks to suppress all items found during the search as well as his statements made to agents.

The Court held a suppression hearing and Agent Stallings testified that the facts and statements set forth in his affidavit to the Dallas County Circuit Court were true and correct, and that he believed he had provided sufficient probable cause for the search.  Agent Stallings also showed a video recording of a confidential informant purchasing narcotics from Mr. Webster.

## ANALYSIS

I.     **The affidavit of Agent Eric Stallings established sufficient probable cause.**

Mr. Webster contends that Agent Stallings' affidavit did not establish probable cause for the issuance of a search warrant.  The Court disagrees.  The Court had the opportunity to hear the testimony of Agent Eric Stallings at the suppression hearing.  As an initial observation, the Court notes that, having observed the testimony of Agent Stallings and having assessed his demeanor as well as the tenor of his testimony, the Court accepts his testimony as credible and true.  This observation affirmatively answers the initial question in this case; and that is, whether the search warrant issued by Judge Wiggins was based on sufficient probable cause.  In making this decision, the Court makes the following findings:

1. Agent Stallings has extensive experience in narcotics investigations in Selma, Alabama. Specifically, he has often used confidential informants during many of those investigations.

2. Agent Stallings' investigation determined Mr. Webster was known to reside at 2000 Keller Avenue and Mr. Webster was known to distribute narcotics from this address.

3. Agent Stallings used a reliable undercover informant to purchase narcotics from the residence within seventy-two (72) hours prior to his application for a search warrant with the Dallas County Circuit Court.

Even if Agent Stallings' affidavit were insufficient (which the Court specifically denies) the facts of this case would clearly fall within the good faith exception articulated in *United States v. Leon*, because the officers searching the residence reasonably relied on the warrant.  468 U.S. 897 (1984).  To this end, the Court notes the following:

1. The Court finds no evidence that Agent Stallings misled Dallas County Circuit Judge Wiggins when he appeared requesting the warrant.

2. The Court finds no evidence Judge Wiggins wholly abandoned his judicial role.

3. The Court finds that the affidavit of Officer Stallings is not so lacking in indicia of probable cause as to render official belief in its existence wholly unreasonable.

4. The Court does not find the warrant to be so facially deficient that the executing officers could not reasonably presume it to be valid.

For these reasons, the Court finds Agent Stallings' affidavit was sufficient and the search warrant was valid.

## II.    Mr. Webster's detention was supported by probable cause.

Mr. Webster contends that he was standing at another location when Agent Stallings detained him and brought him to the search location.  At the hearing, Agent Stallings testified Mr. Webster was not free to go.  Mr. Webster argues he was outside the curtilage of the search location, and thus, there was no probable cause for his detention.  The Court disagrees.

At the suppression hearing, Agent Stallings testified concerning a video recording of a confidential informant purchasing narcotics from Mr. Webster.  This video recording establishes probable cause to arrest Mr. Webster on the state narcotics charges.  This probable cause existed

separate and independent to the execution of the search warrant.  Agent Stallings also testified that the purpose of detaining the defendant was to discuss the distribution of narcotics.  Section 15-10-3(a)(3) of the Alabama Code states that "an officer may arrest a person without a warrant, on any day and at any time in any of the following instances: . . . [w]hen a felony has been committed and the officer has probable cause to believe that the person arrested committed the felony."  Ala. Code § 15-10-3(a)(3).

The Court finds that sufficient probable cause existed to detain Mr. Webster.

**CONCLUSION**

Mr. Webster's Motion to Suppress (Doc. 28) is **DENIED**.

**DONE and ORDERED** this 2nd day of May, 2023.

/s/ JEFFREY U. BEAVERSTOCK     
CHIEF UNITED STATES DISTRICT JUDGE